966 F.2d 1451
 62 Fair Empl.Prac.Cas. (BNA) 768
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elaine A. BROWNLEE, Plaintiff-Appellant,
v.
CHRYSLER MOTORS CORPORATION; American Motors Corporation,
Defendants-Appellees.
 No. 91-1587.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit SY E.D.Mich.
 
 JM
 ORDER
 
 2
 Elaine A. Brownlee appeals a summary judgment that was entered for the defendants in her employment discrimination case. Cf. 42 U.S.C. § 2000e; 42 U.S.C. § 1981. Brownlee's appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, the parties have waived oral argument in this case.
 
 
 3
 Brownlee alleged that she was discriminated against 1) when she was harassed by AMC employees because of her race, 2) when she was not promoted because of her race, and 3) when she was not allowed to retain her job following AMC's merger with Chrysler. The district court granted the defendants' motion for summary judgment on April 16, 1991, and denied Brownlee's motion for reconsideration on April 26, 1991. Brownlee now appeals.
 
 
 4
 Upon de novo review, we conclude that Brownlee's case was properly dismissed under 42 U.S.C. § 1981 because her claims did not involve the formation of a contract. See Patterson v. McLean Credit Union, 491 U.S. 164, 179-80 (1989). Brownlee argues that Patterson was overruled by the Civil Rights Act of 1991. However, this court has determined that the 1991 Act was not intended to be applied retroactively. Vogel v. City of Cincinnati, No. 91-3474, 1992 U.S.App. LEXIS 4226, at * 6-9 (6th Cir. Mar. 13, 1992).
 
 
 5
 The defendants were also entitled to summary judgment under Title VII. Brownlee's harassment claim was not filed within the time allowed by 42 U.S.C. § 2000e-(f)(1). Moreover, an independent review of the record shows that Brownlee's termination was not motivated by discrimination, but rather by a reduction in force. See Barnes v. GenCORP Inc., 896 F.2d 1457, 1465 (6th Cir.), cert. denied, 111 S.Ct. 211 (1990). Furthermore, Brownlee's discrimination claims regarding her promotion and termination are not reasonably related to the charges that she filed with the EEOC. See EEOC v. Bailey Co., 563 F.2d 439, 446 (6th Cir.1977), cert. denied, 435 U.S. 915 (1978). Finally, we note that Brownlee has abandoned these last two claims by failing to raise them in her brief on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Instead, Brownlee now argues that the defendants retaliated against her for filing charges with the EEOC. Normally, this court will not address a claim on appeal that was not raised properly in the district court. "The fact that the issue newly raised on appeal requires or necessitates a determination of facts is generally deemed good reason to refuse consideration of the issue for the first time in the appellate court." Taft Broadcasting Co. v. United States, 929 F.2d 240, 244 (6th Cir.1991). In the instant case, Brownlee has not demonstrated any special circumstance that would justify consideration of her retaliation claim, when that claim was not included in her complaint or amended complaint in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.